UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RANDY J. GONZALEZ,

    Petitioner,

v.                                       CASE NO. 6:09-cv-1808-Orl-31KRS
                                              (6:07-cr-80-Orl-31KRS)

UNITED STATES OF AMERICA,

    Respondent.

## ORDER

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Randy J. Gonzalez. (Doc. Nos. 1 & 4.) The Government filed a response to the re-filed section 2255 motion in compliance with this Court's instructions and with the *Rules Governing Section 2255 Proceedings for the United States District Courts*. (Doc. No. 8.) Petitioner filed a reply to the response. (Doc. No. 13.)

Petitioner alleges four claims for relief: (1) trial counsel was ineffective during the plea stage for failing to offer advice as to whether it was in his best interest to enter a plea or to proceed to trial; (2) the Court erred by imposing a minimum mandatory sentence of 120 months when the Government breached the plea agreement and the minimum mandatory was unconstitutional; (3) the Court erred by not allowing him the opportunity to allocute during the sentencing hearing; and (4) he was denied due process when the investigating officers failed to advise him of his *Miranda* rights during arrest and questioning. For the following reasons, Petitioner's § 2255 motion is denied.

I.      *Procedural History*

Petitioner was indicted, along with a co-defendant, on one count of conspiracy to possess with intent to distribute 5 or more kilograms of a mixture and substance containing a detectable amount of cocaine hydrochloride, in violation of 21 U.S.C. § 846 (count one) and one count of possession with intent to distribute 5 or more kilograms of a mixture and substance containing a detectable amount of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1) (count two). *See* Criminal Case Doc. No. 6:07-cr-80-Orl-31KRS, Doc. No. 14.[1] Pursuant to a written plea agreement, Petitioner entered a guilty plea to count one as charged (Criminal Case Doc. Nos. 58 & 68). In exchange for the guilty plea, the Government agreed to dismiss the remaining charge and forego charging Petitioner with any other federal criminal offenses related to the conduct giving rise to the indictment and plea (Criminal Case Doc. No. 58 at 3).

The guilty plea was accepted and this Court adjudicated Petitioner guilty (Criminal Case Doc. No. 74). A sentencing hearing was conducted on February 6, 2008 (Criminal Case Doc. No. 94), and on that same day, the Court entered a Judgment in a criminal case, sentencing Petitioner to one hundred twenty months imprisonment, to be followed by five years of supervised release (Criminal Case Doc. No. 96). Petitioner appealed to the Eleventh Circuit Court of Appeals, and on December 3, 2008, the Eleventh Circuit Court of Appeals *per curiam* affirmed (Criminal Case Doc. No. 104).

---

[1] Hereinafter Criminal Case No. 6:07-cr-80-Orl-31KRS will be referred to as "Criminal Case."

## II. Analysis

### A. Claim One

Petitioner claims in ground one that trial counsel was ineffective for failing to offer advice as to whether he should enter a plea or proceed to trial. The Government argues that because Petitioner waived his right to appeal his sentence directly or collaterally, the Court should not consider this claim (Doc. No. 8 at 6-8).

Petitioner entered into a written plea agreement with the Government (Criminal Case Doc. No. 58). Pursuant to the agreement, Petitioner agreed that

> [T]his Court has jurisdiction and authority to impose any sentence up to the statutory maximum and *expressly waives the right to appeal . . . [his] sentence or to challenge it collaterally on any ground*, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (2) the ground that the sentence exceeds . . . [his] applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

(Criminal Case Doc. No. 58 at 13-14) (emphasis added). Before determining whether the sentence-appeal waiver bars Petitioner's first claim, it is appropriate to first determine whether the sentence-appeal waiver is valid.

A sentence-appeal waiver, if entered into voluntarily and knowingly pursuant to a plea agreement, precludes a defendant from attempting to attack his sentence on collateral review through a claim of ineffective assistance of counsel during sentencing. *Williams v.*

*United States*, 396 F.3d 1340 (11th Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1352 (11th Cir. 1993) ("[F]or a sentence appeal waiver to be knowing and voluntary, the district court must have engaged the defendant about the sentence appeal waiver during the Rule 11 hearing."). "To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver." *United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001). Accordingly, a defendant's knowing and voluntary waiver in a plea agreement generally bars all collateral relief under § 2255, including any ineffective assistance of counsel claim that does not directly affect the validity of the waiver or the plea itself. *See Patel v. United States*, 252 F. App'x 970, 974-75 (11th Cir. 2007) (finding that a valid sentence-appeal waiver does not bar a claim that the plea was invalid due to ineffective assistance of counsel); *Cowart v. United States*, 139 F. App'x 206, 208 (11th Cir. 2005).

In the instant case, this Court concludes that the plea agreement and waiver were entered knowing and voluntary. In reviewing the constitutional adequacy of a guilty plea, the Eleventh Circuit has indicated as follows:

> A reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process: If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review.

*Stano v. Dugger*, 921 F.2d 1125, 1141 (11th Cir. 1991) (quotation and citation omitted).  As discussed by the Fifth Circuit in *United States v. Gaitan*, 954 F.2d 1005 (5th Cir. 1992):

> The consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged.  As long as [the defendant] understood the length of the time he might possibly receive, he was fully aware of his plea's consequences.

*Id.* at 1012 (quotation and citation omitted).

The Court conducted a thorough and comprehensive plea colloquy.  Petitioner stated under oath that he had read the indictment, discussed it with his attorney, signed and initialed the agreement, and was satisfied with his attorney's services (Criminal Case Doc. No. 75, at T 7-8).  The Court found Petitioner was competent to proceed.  *Id.*  During the plea colloquy, Petitioner stated that he had not been coerced into entering the plea.  *Id.* at T 8.  Petitioner stated that he had read the plea agreement, discussed the terms of the plea agreement with counsel, and understood the agreement.  *Id.* at T 8-9.

Petitioner further acknowledged that he understood that he would be waiving certain rights by entering into the plea agreement, including the right to collaterally attack his sentence.  *Id.* at T 13-14.  The Court specifically told Petitioner the following:

> THE COURT: Under the Plea Agreement, you're giving up some of your rights to appeal from or collaterally challenge a mistake in your sentence. You can only do that if the sentence is above the guideline range determined by the judge; if the sentence is more than the maximum permitted by law; if the sentence violates the Eighth Amendment to the Constitution, which is your protection against cruel and unusual punishment; or if the United States appeals, you can appeal for any reason.
>
> Do you understand how that limits your right to appeal from a mistake in your sentence?

>THE DEFENDANT: Yes, ma'am.
>
>THE COURT: And is that a right you're willing to give up?
>
>THE DEFENDANT: Yes, ma'am.

*Id.* at T 14-15. Additionally, the Court advised Petitioner of the penalties he faced, including a ten-year minimum mandatory sentence. *Id.* at T 15. Petitioner stated that he had discussed the potential sentence with his attorney. *Id.* at T 16. Moreover, Petitioner told the Court that no one had made any promises regarding the sentence he would receive. *Id.* at T 15. Petitioner's representations to the Court constitute "a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 432 U.S. 63, 73-74 (1977).

After reviewing the record, the Court finds that Petitioner understood the full significance of his waiver of collateral relief. *See Weaver*, 275 F.3d at 1333; *Bushert*, 997 F.2d at 1352. Thus, the sentence-appeal waiver is valid. However, although the Court finds that the sentence-appeal waiver is valid, claim one is not barred by the appeal waiver to the extent Petitioner claims that his plea is involuntary due to ineffective assistance of counsel. *Patel*, 252 F. App'x at 974-75 (finding a valid sentence appeal waiver does not bar a claim that ineffective assistance of counsel rendered a plea unknowing or involuntary). Furthermore, a court may reject a claim that the plea was invalid for ineffective assistance of counsel if such a claim is contradicted by a petitioner's statements in the record. *Id.* at 975.

6

Petitioner claims that trial counsel failed to advise him whether he should enter the plea or whether he should proceed to trial. Specifically, Petitioner contends that had counsel made a reasonable investigation into the law, the Government's witnesses and physical evidence, any rational counsel would have drawn the conclusion that Petitioner could be acquitted (Doc. No. 5 at 8). Petitioner also alleges that counsel told him that if he entered a guilty plea he would receive a five-year sentence. *Id.*

Petitioner's claims are contradicted by the statements he made during the plea colloquy. Petitioner stated that he had discussed the case with his attorney and that he was satisfied with counsel's services (Criminal Case Doc. No. 75 at T 7). Petitioner also told the Court that no one had advised him of anything that was wrong or unfair, nor had anyone threatened or coerced him into pleading guilty. *Id.* at T 8. Petitioner stated on the record that he wished to plead guilty because he committed the crime. *Id.* The Court advised Petitioner that he was facing a minimum mandatory sentence of ten years in prison. *Id.* at T 15. Petitioner also told the Court that no one had promised him any particular sentence. *Id.* Finally, the Court noted that although defense counsel most likely gave Petitioner an estimation of what his guideline range would be, no one could know the exact guideline range until a presentence investigation report was completed and any objections made were ruled upon. *Id.* at T 17. The Court stated that if the guideline sentencing range turned out to be different than what Petitioner expected, he could not then withdraw his guilty plea. *Id.* at T 17. Petitioner stated that he understood. *Id.*

Petitioner's sworn statements to the Court carry a strong presumption of truth and Petitioner has not sufficiently demonstrated that this Court should overlook those statements. *Blackledge*, 430 U.S. at 74. Further, Petitioner has not demonstrated that any deficient performance on the part of counsel prejudiced the outcome, in that Petitioner has not shown that but for counsel's errors, he would not have pleaded guilty and instead would have gone to trial. *Strickland v. Washington*, 466 U.S. 668 (1984); *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Petitioner specifically told the Court that he was satisfied with counsel's services, that he was pleading guilty because he was guilty, and that no one had promised him any specific sentence. Petitioner's first claim is without merit and therefore is denied.

### B. *Claim Two*

Petitioner asserts in claim two that the trial court erred by imposing a minimum mandatory sentence of 120 months when the Government breached the plea agreement and the minimum mandatory sentence violates 18 U.S.C. § 3553 and there is unconstitutional. Petitioner raised this claim on direct appeal. *See* Criminal Case Doc. No. 104; *United States v. Gonzalez*, 323 F. App'x 720 (11th Cir. 2008).

A district court "is not required to reconsider claims of error that were raised and disposed of on direct appeal." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 200) (citing *United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981)). "'Once a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255.'" *Id.* (quoting *United States v. Naterlli*, 553 F.2d 5, 7 (2d Cir. 1977)) (footnote omitted). Petitioner raised an identical claim on direct appeal, and the

Eleventh Circuit Court of Appeals rejected this claim, finding the Government did not breach the plea agreement and that the trial court properly sentenced him to a minimum mandatory sentence of 120 months. *See* Criminal Case Doc. No. 104; 323 F. App'x at 721-22. Petitioner has not alleged any reasons that warrant re-litigation of claim two, thus the Court declines to review this claim.

### C. *Claims Three and Four*

In claim three Petitioner contends the Court erred when it did not allow him the opportunity to allocute during the sentencing hearing. Further, in claim four Petitioner argues that his due process rights were denied when the investigating officers failed to advise him of his *Miranda* rights during questioning. The Government argues that these claims should have been raised on direct appeal and therefore are procedurally defaulted (Doc. No. 8 at 5-6). The Court agrees that Petitioner is barred from raising these claims in the instant § 2255 motion.

"[A] defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding. This rule generally applies to all claims, including constitutional claims." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004); *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994). However, a defendant can avoid this procedural bar by demonstrating the applicability of one of the two exceptions: (a) cause and prejudice for the failure to raise the claim on direct or (b) "a constitutional violation

has probably resulted in the conviction of one who is actually innocent." *Mills*, 36 F.3d at 1055.

In the present case, Petitioner did not raise claims three or four on direct appeal. Furthermore, he has not alleged or otherwise demonstrated cause or prejudice with regard to his failure to raise this claim on direct appeal. Likewise, Petitioner has neither alleged nor shown the applicability of the fundamental miscarriage of justice exception. A review of the record reveals that Petitioner is unable to satisfy either of the exceptions to the procedural default. Additionally, Petitioner waived his right to assert these claims on direct appeal pursuant to the sentence-appeal waiver provision of the plea agreement. Thus, Petitioner is procedurally barred from raising claims three and four in the instant motion.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Petitioner's motions to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. Nos. 1 & 4) are **DENIED**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. The Clerk of Court is directed to file a copy of this Order in criminal case number 6:08-cr-70-Orl-31KRS and to terminate the motion to vacate, set aside, or correct

an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. No. 253) pending in that case.

4. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[2] Accordingly, a certificate of appealability is **DENIED** in this case.

**DONE AND ORDERED** at Orlando, Florida, this 8th day of December, 2010.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 12/8
Randy J. Gonzalez
Counsel of Record

---

[2] Pursuant to the *Rules Governing Section 2255 Proceedings for the United States District Court*, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C. foll. § 2255.